IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTOS MARTINEZ SEPEDA, #01356536, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1260-G |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Wayne Scott Unit in Angleton, Texas.. Respondent is the Director of TDCJ-CID. The Court has not issued process pending preliminary screening.

Statement of Case: Petitioner pled guilty to six sex offenses in the 40th Judicial District Court of Ellis County, Texas, in Cause Nos. 29,983, 29,984, 29,985, 29,986, 29,987, and 30,062. (Petition (Pet.) at 2). On December 12, 2005, Punishment was assessed at twenty years imprisonment in Nos. 29,983, 29,984, and 30,062, fifty years imprisonment in 29,987 and

29,985, and ten years imprisonment in 29,986. (*Id.*). Petitioner did not appeal. (*Id.* at 3).

On April 5, 2007, Petitioner filed in the convicting court six state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his convictions. (*See* Attachment I, for copy of first page of Pet's art. 11.07 applications obtained from the Ellis County District Clerk's Office). On May 30, 2007, the Texas Court of Criminal Appeals (TCCA) denied the applications without written order. *See Ex parte Sepeda*, WR-67,640-01 through -06, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =252110, 252114, 252115, 252116, 252132, 252133.

In his federal petition, filed on July 13, 2007, Petitioner alleges counsel rendered ineffective assistance at all stages of his criminal proceeding, the trial court failed to require the State to elect which specific acts of prior sexual misconduct it would rely on to prove its case, and the TCCA improperly denied his state habeas writs. (Pet. at 7-8).[1]

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[2]

---

[1] For purposes of this recommendation, the petition is deemed filed on July 11, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On September 25, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his convictions became final on January 11, 2006, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on January 12, 2006, the day after his convictions became final, and

---

on equitable grounds. Petitioner filed his response to the Court's show cause order on October 15, 2007.

expired on January 11, 2007. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is deemed to have filed his federal petition in this case on July 11, 2007, one year and six months after the running of the one-year limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas applications were not pending in state court during the one-year limitations period. As noted above, Petitioner did not file his state applications until April 5, 2007, -- 84 days after the one-year period had expired. *See Scott*, 227 F.3d at 263 (state habeas application, filed after federal limitations period had expired, did not toll limitations period). Therefore, the federal petition is clearly untimely absent equitable tolling.

In response to the Court's show cause order, Petitioner asserts that his federal petition is timely because it was submitted within one year of the denial of his state applications on April 5, 2007. (Pet's Response at 2 and 4). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916.

Insofar as Petitioner requests equitable tolling, his claim fares no better. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner challenges the conduct of his trial counsel, who allegedly failed to object to the state's indictment and sat "in the court room pot-planted," allowing Petitioner to enter his guilty pleas. Since the conduct at issue occurred before the date on which Petitioner's convictions became final, it is irrelevant for purposes of equitable tolling.

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the fourteen-month delay between the date his state judgments of conviction became final and the date he filed his state habeas applications. Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the

state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling and the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas corpus petition with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 29th day of January, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**